UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 23 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| HUNTER R. LEVI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **12 0635** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff purports to bring this action against the United States under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671-80. Generally, plaintiff alleges that the United States Department of Labor interfered with or obstructed plaintiff's various civil actions against his former employer, Anheuser Busch Companies, Inc., and complaints he submitted pursuant to the whistleblower provision of the Sarbanes-Oxley Act, *see* 18 U.S.C. § 1514A. Based on the Court's review of the complaint and its attachments, the alleged tortious conduct occurred when attorneys submitted false statements to the court in matters before the United States Courts of Appeals for the District of Columbia and the Eighth Circuit and before the Supreme Court of the United States.

The FTCA waives the United States' sovereign immunity "for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government acting within the scope of his office or employment," but only to the extent that "a private person[] would be

liable . . . in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009). "[T]he District of Columbia has long recognized an absolute privilege for statements made preliminary to, or in the course of, a judicial proceeding, so long as the statements bear some relation to the proceeding." *Finkelstein, Thompson & Loughran v. Hemispherx Biopharma, Inc.*, 774 A.2d 332, 338 (D.C. 2001) (affirming dismissal of defamation claim against lawyer for statements made out of court and prior to litigation), *overruled on other grounds by McNair Builders, Inc. v. Taylor*, 3 A.3d 1132 (D.C. 2010); *see also Arneja v. Gildar*, 541 A.2d 621, 623 (D.C. 1988). Insofar as the allegedly false statements were made in the context of litigation, judicial privilege bars plaintiff's claim. *See Ginsberg v. Granados*, 963 A.2d 1134, 1140 (D.C. 2009); *Geier v. Jordan*, 107 A.2d 440 (D.C. 1954). Accordingly, the complaint will be dismissed. An Order accompanies this Memorandum Opinion.

DATE: April 14, 2012

_____
United States District Judge